JULIUS ALTKRUG, Trading as PROVIDENCE WORSTED COM-. PANY, Appellant, *v.* WILLIAM WHITMAN COMPANY, INC., Respondent.

First Department, January 10, 1919.

Sale — action for breach of warranty and for failure to deliver balance of goods — effect of confirmatory memorandum sent to purchaser upon day after oral contract of sale — erroneous charge as to effect of acceptance of goods — evidence — hearsay evidence.

Where in an action upon oral contracts for the sale of goods by sample, the plaintiff seeks to recover, *first,* for the difference in value of the goods delivered and the value that they would have had if they had been according to sample, in other words, for a breach of warranty, and *second,* for the failure to deliver the balance of the goods contracted for, and it appears that on the day after the oral contract was made the defendant sent to the plaintiff a confirmatory memorandum containing in small print a provision that if the purchaser were in default upon any order, the seller might cancel all other orders, and the plaintiff swears that he never saw such a provision, it was error for the court to charge in

effect that if the plaintiff knew of said provision in the memorandum and acquiesced therein, in that case a breach by him of one contract authorized a rescission by the defendant of all other contracts.

The confirmatory memorandum sent the day following the completion of the oral contract, even if the conditions therein were known and acquiesced in by the plaintiff, would be ineffectual to modify the contract already made, as it was without consideration.

An erroneous ruling by the trial court that the plaintiff having accepted the goods was precluded from claiming that they were not up to sample and could not recover upon the warranty implied or expressed in a sale by sample, was not a harmless one because the jury may have found under the prior charge of the court that the goods delivered were not up to sample upon one contract only, and that upon the failure of the plaintiff to take the goods upon that one contract, the defendant had the right to cancel the other contract.

It was also error for the court to allow the defendant to show that the goods rejected by the plaintiff were afterwards sold to other customers who made no complaint in reference thereto, as this was clearly hearsay evidence as to the opinions of other customers.

APPEAL by the plaintiff, Julius Altkrug, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 5th day of July, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 25th day of June, 1917, denying plaintiff's motion for a new trial made upon the minutes.

The verdict granted defendant judgment upon its counterclaim in the sum of $2,560.70 and costs.

*Louis J. Altkrug,* for the appellant.

*Emory R. Buckner* of counsel [*Henry Mayer* with him on the brief; *Root, Clark, Buckner & Howland,* attorneys], for the respondent.

SMITH, J.:

The plaintiff is a jobber in woolens and the defendant is a commission house, agent for the Arlington Mills. The complaint sets forth four distinct causes of action, on four separate contracts. One was made upon August sixth for the delivery of 300 pieces of what was called No. 759. Another on August thirteenth for the delivery of 200 additional pieces

of the same cloth. Another August fourteenth for the delivery of 150 pieces of what was called No. 99. Another September sixteenth for the delivery of 305 pieces of what was called No. 325-E. It is conceded that all of these contracts were oral contracts and the sale was by sample. Upon these contracts the defendant delivered to the plaintiff 6 pieces of No. 759, 23 pieces of No. 99, and 17 pieces of No. 325-E. The complaint in these four different causes of action seeks to recover, *first*, for the difference in value of the pieces delivered and the value that they would have had if they had been according to sample; in other words, for a breach of warranty; *second*, for the failure to deliver the balance of the goods contracted for. Certain defenses are set up in the answer and a counterclaim is asserted for the contract prices of the goods actually delivered. This counterclaim is concededly a valid debt and that is the judgment which has been rendered in behalf of the defendant; that is, for the value of the goods actually delivered.

After the oral contract was made for the purchase of the goods and upon the succeeding day, the defendant sent to the plaintiff a confirmatory memorandum. This confirmatory memorandum had in small print several clauses containing conditions upon which sales were made, and one of these conditions was that if the purchaser were in default upon any order the seller might cancel all other orders. The court submitted to the jury the question whether all of these goods were up to sample and in referring to this confirmatory memorandum delivered the succeeding day, said that it was not part of the contract, but, in respect thereto, charged: " Now, I am going to charge you this as the law that I consider applicable to this situation. While this was not a contract, but a mere memorandum of what had occurred — that is, the bare selling order — I charge you that it is for you to consider, in connection with all the facts and the circumstances of this case, whether the plaintiff in this action had knowledge of the contents of that printed matter upon the confirmation order. If he had, did he acquiesce therein by taking the goods, raising no objection except as to the quality, making no claim as to that important provision? If he did acquiesce in that, then the defendant was justified in abrogating all

contracts, if you believe that it performed its duty, that it did not breach its contract, but that the contract was broken upon the part of the plaintiff himself. I trust that I make myself plain in that connection.

"This plaintiff can only succeed in recovering a verdict at your hands, when he has satisfied you by the weight of evidence that I have described, that those goods were inferior in the manner and in the description which he has given you here in detail; inferior in weight, inferior in shade, wider; in other words that they did not substantially conform to the sample. If you determine that those goods did not come up to the sample in those respects, then concededly the plaintiff in this action is entitled to a verdict. If, however, the goods did conform to the sample, then the failure of the plaintiff to accept the deliveries on any one of those orders would justify the defendant in this action in refusing to deliver any other goods; provided you find, as I have said before, that the defendant had furnished the goods equal to the samples given to the plaintiff in this action."

Now, it is not absolutely clear what was intended by the trial judge in his charge, but the only possible construction is a charge to the effect that if the plaintiff knew of this provision in the confirmatory memorandum and acquiesced therein, in that case a breach by the plaintiff of one contract authorized a rescission by the defendant of all other contracts. Otherwise there was no occasion for referring in any way to this confirmatory memorandum, if he had intended to condition this statement of the law upon the full compliance by the defendant with the requirements of the contract by furnishing goods up to sample. That this was regarded as important by the jury may be inferred from the fact that the jury returned after having been sent to their room and asked that the charge in this respect be read to them. But this charge was, I think, erroneous. As an oral contract had been completed upon the day of the sale, the confirmatory order sent the next day, even if this condition were known and acquiesced in by the plaintiff, would be ineffectual to modify the contract already made, because without consideration. Further, there is no sufficient evidence upon which to allow the jury to say that the plaintiff knew of this

condition and acquiesced therein. He himself swears that he never saw it, and while a party may be assumed to know of all stipulations contained in a contract itself, that assumption cannot be made of a mere confirmatory memorandum which is sent to avoid misunderstanding, and not purporting to be a part of the contract, would not call for the careful scrutiny that would be made of papers constituting the contract itself.

Again referring to the claim for a breach of warranty as to the goods actually furnished, the trial court held that, having accepted the goods, the plaintiff was precluded from claiming that the goods were not up to sample and could not recover upon the warranty, implied or expressed, in a sale by sample. This statement of the law is contrary to the Sales of Goods Act (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], §§ 130, 150, as added by Laws of 1911, chap. 571), and contrary to the law as laid down in *Henry & Company* v. *Talcott* (175 N. Y. 389); *Zabriskie* v. *C. V. R. R. Co.* (131 id. 72). Upon this argument the respondent, not questioning the error of the court, claims that the error was harmless because the verdict of the jury necessarily must rest upon the finding that upon all the contracts the goods were up to sample. The difficulty with this contention lies in the fact that the jury may have found under the charge of the court hereinbefore discussed, that the goods delivered were not up to sample upon one contract only, and that upon the failure of the plaintiff to take the goods which were not up to sample upon that one contract, the defendant had the right to cancel all other contracts. With this possible finding we see no escape for a new trial of these issues which the trial judge refused to submit to the jury or to allow evidence to be introduced in support thereof.

The judgment must also be reversed for the admission of improper evidence. The court allowed the defendant to show that these goods which the plaintiff rejected were afterwards sold to other customers who made no complaint in reference thereto. This was clearly hearsay evidence as to the opinions of other customers upon these goods. This evidence was most mischievous evidence and might well

have been a controlling factor in the minds of the jury in determining that the goods in question were up to sample.

The judgment and order must, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN, DOWLING and SHEARN, JJ., concurred; PAGE, J., concurred on last two grounds.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.